Clark v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-243-CR

     WILLIAM MARTIN CLARK,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court at Law
Brazos County, Texas
Trial Court # 1263-93
                                                                                                    

O P I N I O N
                                                                                                    

      William Martin Clark appeals his conviction for driving while intoxicated.


 After the trial
court denied Clark's motion to suppress evidence, he entered a plea of guilty pursuant to a
negotiated plea agreement. The court assessed punishment at thirty days in jail, probated for one
year, and a $300 fine. On appeal Clark complains that the trial court erred in denying his motion
to suppress evidence obtained as the result of an illegal stop. We affirm.
      In two points of error Clark contends that the arresting officer's "observations and opinions"
were obtained in violation of the Fourth and Fourteenth Amendments of the United States
Constitution, article I, section 9 of the Texas Constitution, and article 38.22 of the Texas Code
of Criminal Procedure. Under both points Clark cites federal and state cases holding that an
arresting officer is not justified in detaining a suspect based solely upon the suspect's walking or
running away from an approaching officer. Clark's brief, however, provides no argument
applying that line of cases to the facts of this case.
      On January 17, 1993, Lance Platt, a police officer for the City of Bryan, was dispatched to
a Sonic Drive-in to investigate a restaurant employee's report that a customer was intoxicated. 
At the hearing on the motion to suppress, Platt testified that when he arrived at the restaurant an
employee pointed at Clark's vehicle. Platt parked in a drive-in stall across from Clark, who made
eye contact with Platt. According to Platt, he opened the door of his patrol car, stepped out, and
took a step forward. As he did, Clark started his vehicle, backed out, squealed his tires, and left
the parking lot at a high rate of speed, narrowly missing a vehicle parked on the other side of the
street.
      Platt returned to his patrol car, activated his overhead lights, and pursued Clark. Clark
stopped less than a quarter of a mile down the street and got out of his vehicle before Platt
approached him again. Platt noticed that when Clark began to walk toward the patrol car he was
having a hard time maintaining his balance, touching the side of his vehicle as he went. Platt also
testified that he smelled the strong odor of alcohol on Clark's breath when he asked Platt what the
problem was. As a result, Platt conducted field sobriety tests, which indicated that Clark was
intoxicated, and arrested him for driving while intoxicated.
      An officer is entitled to make a temporary investigatory detention if the officer reasonably
suspects that some activity out of the ordinary has occurred, there is some suggestion to connect
the person detained to the unusual activity, and there is some indication that the activity is related
to a crime.


 Platt specifically testified that he had reasonable suspicion that Clark was intoxicated,
based on the manner in which he left the parking lot, squealing his tires and narrowly missing a
parked vehicle. Furthermore, Platt described this conduct as "exhibition of acceleration," a traffic
offense.



      Clark argues that, because Platt testified that he would have stopped Clark regardless of
whether he squealed his tires, and because simply leaving the Sonic did not give Platt the right to
detain him, the trial court abused its discretion in denying his motion to suppress. However, we
must sustain the trial court's ruling, absent a showing of an abuse of discretion, on any theory of
law applicable to the case.


 Platt's uncontroverted testimony that Clark left the parking lot at a
high rate of speed, squealing his tires, shows that Platt was justified in stopping Clark for the
misdemeanor offense of exhibition of acceleration.


 Because we find that the trial court did not
abuse its discretion in denying Clark's motion to suppress, we overrule points of error one and
two.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice
Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 30, 1994
Do not publish